## YOUNGSTOWN MUNICIPAL RAILWAY CO v CARTER

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 11, 1930

Harrington, DeFord, Huxley & Smith, Youngstown, for Railway Co.

John Ruffalo, Youngstown, for Carter.

**FARR, J.**

Jospeh Phillips testifies practically to the same effect. Carter admits that he saw the approaching automobile, that it was coming rapidly, at about forty miles per hour; that Waller, the driver of the bus, was looking in the direction of the approaching automobile. He says that Waller stopped the bus abruptly almost up against the curb and that was when he was injured, but Waller says the injuries were sustained when the automobile struck the bus. If it be true that Carter saw the automobile approaching, he saw the danger just as clearly and as plainly as Waller, the driver of the bus, did, and therefore any warning by Waller to Carter would have been useless and unnecessary, because Carter was as fully advised in the premises as Waller.

The difficulty about the testimony in this case in behalf of the plaintiff is this, that he does not point out any particular in which the driver of the bus was negligent, except that he was running near the middle of the street, which would not be negligence unless there was a large amount of traffic, which was not the case in the early morning. True, he says that the driver stopped abruptly but who shall say that in case of an emergency of this kind that it was improper for Waller so to stop and avoid, if possible, a head-on collision of the two vehicles? Indeed, there isn't anything disclosed by the Record that indicates that Waller did not act reasonably under all the circumstances that then surrounded him, and having done so he could not then be charged with negligence in the operation of the bus.

Extended discussion would not be profitable or needful in the instant case. It is sufficient to say that Carter charged Waller with negligence in that perhaps he was driving at a point near the middle of the road, and that when this emergency presented itself he stopped too quickly and threw him down. It seems clear from the Record that Waller exercised at least reasonably fair judgment, such as persons of ordinary prudence would have exercised under the same or similar circumstances,

and that Carter's injuries were caused by the reckless driving of the automobile and its crashing into the side of the bus. It is possible that Carter's hand was cut from flying glass on the left side of the bus, and it would seem reasonable to conclude that the impact of the automobile and the bus would of necessity throw Carter from his place on the seat, whichever side it may have been; therefore, negligence is not shown upon the part of the driver of the bus.

For the reasons given the judgment is reversed; that is, because it is against the weight of the evidence.

Pollock and Roberts, JJ, concur.